IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAVONDRA STUBBS,<br><br>  Plaintiff,<br><br>v.<br><br>HOLIDAY HOSPITALITY FRANCHISING, LLC f/k/a HOLIDAY FRANCHISING INC., SIX CONTINENTAL HOTELS, INC., and IHG MANAGEMENT (MARYLAND) LLC,<br><br>  Defendants. | CIVIL ACTION NO.<br><br>_____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Lavondra Stubbs, by and through her undersigned counsel, brings this action against Holiday Hospitality Franchising, LLC f/k/a Holiday Franchising Inc. ("HHFL"); Six Continent Hotels, Inc. d/b/a InterContinental Hotels Group ("SCH"); and IHG Management (Maryland) LLC ("IHGM") (collectively "Defendants" or "Holiday Inn").

1

## NATURE OF THE ACTION

1.  Plaintiff Lavondra Stubbs brings this action under the Fair Labor Standards Act (FLSA) of 1938, as amended, 29 U.S.C. § 201 et seq., alleging that Holiday Inn willfully failed to compensate her at time and one-half for all hours worked in excess of 40 per week.

2.  Because Holiday Inn violated the FLSA, it is liable to Stubbs for all unpaid overtime wages, an equal amount of liquidated damages, and her reasonable costs and attorneys' fees.

## JURISDICTION AND VENUE

3.  This Court has federal question jurisdiction over Stubbs' claims pursuant to 28 U.S.C. § 1331.

4.  Venue is proper under 28 U.S.C § 1391(b) and Local Rule 3.1(B)(3) in the Atlanta Division of the Northern District of Georgia because (1) a substantial part of the events and omissions giving rise to the claim occurred within this District and Division and (2) Defendants reside and transact business in this District and Division.

5.  Stubbs is a former, hourly "employee" of Holiday Inn.

6. Holiday Inn is an "employer" under 29 U.S.C. § 203(d) as it acted directly and indirectly in the interest of Stubbs in its interactions with Holiday Inn, and controlled the terms and conditions of her employment.

7. Holiday Inn employed Stubbs who handled and otherwise worked on goods and/or materials that have been moved in or produced for commerce.

8. On information and belief, and at all times relevant, Defendants have had an annual gross volume of sales made or business done in excess of $500,000.

## PARTIES

9. Stubbs is a citizen of Georgia who resides in Fulton County.

10. Holiday Hospital Franchising, LLC, formerly known as Holiday Hospitality Franchising, Inc., is a foreign limited liability company with its principle office located at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

11. Six Continent Hotel, Inc., doing business as InterContinental Hotels Group, is a foreign, for-profit corporation with its principle office located at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

12. IGH Management (Maryland) LLC is a foreign, limited liability company with its principle office located at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.

13. Holiday Hospital Franchising, LLC may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Corporation Process Company, at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

14. Six Continent Hotels, Inc. may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Corporation Process Company, at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

15. IGH Management (Maryland) LLC may be served with process by delivering a copy of the Complaint and Summons to its registered agent, Corporation Process Company, at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

## **FACTUAL ALLEGATIONS**

16. Stubbs was employed by Defendants from April 2008 through October 4, 2013, as a housekeeper at Defendants' Holiday Inn Atlanta Airport South location.

17. Defendants SCH and HHFL are engaged in the hospitality industry, providing its service to the public through hotel brands such as Holiday Inn and Holiday Inn Express.

18. Defendants SCH and HHFL own, operate, and franchise more than 3,200 hotels and over 510,000 guest rooms throughout the world.

19. IHGM – as an affiliate of HHFL – manages and operates HHFL hotels, including Holiday Inn and Holiday Inn Express.

20. At all times relevant, IGHM managed Defendants' Holiday Inn Atlanta Airport South location.

21. Generally, Stubbs was scheduled to work Monday through Friday a shift that began at 8:00 a.m. and concluded at 4:30 p.m.

22. In her capacity as a housekeeper, Stubbs loaded her housekeeping cart with supplies and then transported the housekeeping cart to an assigned area known as the "gray area.

23. Stubbs housekeeping duties further included:

- Cleaning hotel suites;
- Replacing guest amenities and supplies;
- Removing trash, dirty linen, and room service items;
- Replacing dirty linen, bed sheets, and pillow covers with clean items; and
- Vacuuming carpets and performed other general housekeeping duties.

24. Throughout her employment, and despite her 8:00 a.m. scheduled shift, Stubbs arrived to the jobsite at or around 7:15 a.m. and began working.

25. Prior to her 8:00 a.m. scheduled shift, Stubbs primarily loaded her housekeeping cart with supplies, materials, and amenities, and then transported her housekeeping cart to the "gray area."

26. The morning duties Stubbs performed prior to her scheduled shift were done "off-the-clock."

27. Having a housekeeping cart filled with fresh linen, materials, and other housekeeping supplies, and transporting the cart to the "gray area," were all activities necessary to Stubbs' predominant activity of cleaning suites.

28. The work that Stubbs performed could not be done absent a housekeeping cart loaded with clean supplies and materials.

29. Holiday Inn was aware that Stubbs was working time for which she was not being compensated.

30. At all times relevant, Stubbs was supervised by manager Velina Duncan and supervisor Olga Johnson.

31. Some of the supplies and materials that Stubbs loaded into her housekeeping cart were located in an office shared by Duncan and Johnson.

32. Because supplies and materials were located in Duncan and Johnson's shared office, it was necessary for Stubbs to travel to their office most

mornings, at which time Duncan and Johnson would observe Stubbs working prior to her 8:00 a.m. scheduled shift.

33. Before Johnson was promoted to a supervisory position, she was employed by Holiday Inn as a housekeeper. And in her capacity as a housekeeper, Johnson routinely arrived to work prior to her scheduled shift.

34. Johnson has personal knowledge that it is a customary practice at Holiday Inn to arrive and perform compensable work prior to one's schedule shift, particularly the activity of loading one's housekeeping cart.

35. Duncan had constructive and actual knowledge of Stubbs' off-the-clock activities.

36. Johnson had constructive and actual knowledge of Stubbs' off-the-clock work.

37. Duncan and Johnson's knowledge is imputed to Holiday Inn.

38. Holiday Inn had the opportunity through reasonable diligence to acquire knowledge of Stubbs' off-the-clock work.

39. At Holiday Inn, a pattern and practice exists where members of the housekeeping staff arrive prior to their scheduled shift and perform work for which they should be compensated.

40. Duncan and Johnson encouraged Stubbs and other housekeepers to perform work prior to their scheduled shift.

41. Holiday Inn knew or should have known that the FLSA applied to Stubbs.

42. Holiday Inn suffered and permitted Stubbs' off-the-clock work and failed to take sufficient steps to prevent such work.

43. Stubbs should have been compensated for her time spent working prior to her scheduled shift.

## COUNT:   WILLFUL FAILURE TO PAY OVERTIME

44. Paragraphs 1 through 42 are incorporated here by this reference.

45. Stubbs regularly worked in excess of 40-hours per week while employed with Holiday Inn.

46. Holiday Inn systematically undercompensated Stubbs on the number of hours actually worked.

47. Defendants violated FLSA's overtime provision by failing to pay Stubbs for all hours worked to the extent that failure resulted in loss overtime hours.

48. Defendants are liable to Stubbs for any and all time worked in excess of 40-hours per week.

49. Defendants knew or should have known that the FLSA applied to Stubbs.

50. Defendants failed to compensate Stubbs for all time worked.

51. Defendants applied its compensation policy with reckless disregard of FLSA requirements.

52. Defendants' violation of FLSA's overtime provision, 29 U.S.C. § 207(a), were willful because Defendants: (1) failed to maintain accurate time records; (2) were aware of housekeeping staff's practice of working off-the-clock prior to their scheduled shifts; (3) led Stubbs to believe that Defendants' policies conformed with the FLSA and the laws of the State of Georgia.

53. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendants are liable for three years of unpaid overtime wages, an equal amount as liquidated damages, and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Stubbs respectfully prays that:

a. the Court enter judgment in favor of Plaintiff;

b. the Court enter judgment against Defendants that their violations of the FLSA were willful;

c.  the Court award Plaintiff all unpaid overtime wages as provided for under the FLSA;

d.  the Court award Plaintiff liquidated damages in an amount equal to the amount of his unpaid overtime wages, as provided for under the FLSA;

e.  the Court award Plaintiff his attorneys' fees and costs of litigation under 29 U.S.C. § 216(b);

f.  the Court determine all triable issues at trial; and

g.  the Court award all other relief as the Court deems just and proper, included any and all equitable relief.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Stubbs demands a jury trial on all issues triable by a jury.

**RESPECTFULLY SUBMITTED**:          October 17, 2013

| | |
|---|---|
| **MAYS & KERR LLC** | s/ Viraj Parmar |
| 235 Peachtree Street N.E. | Viraj Parmar |
| North Tower \| Suite 202 | Ga. Bar No. 996884 |
| Atlanta, GA 30303 | viraj@maysandkerr.com |
| Telephone:  (404) 410-7998 | |
| Facsimile:    (877) 813-1845 | Jeff Kerr |
| | Ga. Bar No. 634260 |
| Counsel to Stubbs | jeff@maysandkerr.com |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Book Antiqua 13 point font, as approved by Local Rule 5.1C.

This 17th day of October, 2013

               s/ Viraj Parmar
               Viraj Parmar
               Ga. Bar No. 996884